IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HARRISON WELLS PARTNERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09 C 2445 |
| | ) | |
| CHIEFTAIN CONSTRUCTION HOLDINGS, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Harrison Wells Partners, LLC has sued Chieftain Construction Holdings, Ltd. for breach of contract and fraud. Chieftain has moved to dismiss Harrison Wells' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court denies Chieftain's motion.

### Background

The Court takes the following facts from the allegations in Harrison Wells' complaint and its exhibits. On February 12, 2008, Harrison Wells and Chieftain entered into a written agreement, the Real Estate Purchase Agreement ("Agreement"), for the sale and purchase of real property in Chicago. Once the parties signed the Agreement, Harrison Wells ceased all efforts to market the property. Pursuant to the Agreement, the parties entered into an escrow agreement, and Chieftain deposited $1,000,000 in an escrow account, of which $500,000 is still in escrow, with accrued interest.

On February 27, 2009, pursuant to the Agreement and later amendments,

Chieftain mailed Harrison Wells a letter setting March 24, 2009 as the closing date for the sale of the property. Compl., Ex. 5. In the same letter, Chieftain said it was terminating the agreement, for two reasons. First, it said that because the economic value of the property had decreased, the property was no longer "in the same condition as exists as of the date of this agreement . . .," as the Agreement required. *Id.* at 2. Second, Chieftain said that under the Agreement, its obligation to purchase the property was subject to Harrison Wells' warranty that "there is no violation of Law relating to the Property that has not been corrected." *Id.* Chieftain cited an ordinance requiring a screen fence to surround the open lot and noted that the property was not fenced. *Id*. Chieftain advised letter that under the Agreement, Harrison Wells had fifteen days to cure this default. *Id.* Chieftain said that it anticipated that Harrison Wells would be unable to cure either default. *Id*. As a result of the anticipated noncompliance, Chieftain stated, it was electing to terminate the Agreement, and it demanded the immediate return of its earnest money with earned interest, plus all costs and expenses it had incurred in connection with the Agreement. *Id.* at 2-3.

On March 1, 2009, Chieftain failed to make an "advance carrying cost deposit" of $285,000 required by the Agreement. Harrison Wells notified Chieftain of its default by letter dated March 3, 2009. Chieftain failed to close the transaction on March 24, 2009. Harrison Wells informed Chieftain of this default as well, and it demanded performance of Chieftain's obligation under the Agreement to release to Harrison Wells the funds held in escrow. To date, Chieftain has not cured either alleged default or released the escrowed funds.

**Discussion**

When considering a motion to dismiss a complaint, the Court accepts the facts stated in the complaint as true and draws reasonable inferences in favor of the plaintiff. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss under Rule 12(b)(6), the complaint must include enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *Bissessur v. Ind. Univ. Bd. of Trs.*, No. 08-3504, 2009 WL 2902076, at *2 (7th Cir. Sept. 11, 2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "This said, in examining the facts and matching them up with the stated legal claims, [a court] give[s] 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur*, 2009 WL 2902076, at *2 (quoting *Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)).

**1.    Breach of contract claim**

Chieftain contends that Harrison Wells' breach of contract claim fails to include facts sufficient to establish a breach and that Harrison Wells pled itself out of court by attaching a document to the complaint that is odds with its allegations.

Under Illinois law, "[t]he elements of a breach of contract claim are: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff."

3

*Henderson-Smith & Assocs. Inc. v. Nahamani Family Serv. Ctr., Inc.*, 323 Ill. App. 3d 15, 27, 752 N.E.2d 33, 43 (2001). Harrison Wells' complaint sufficiently alleges these elements. Harrison Wells alleges that the parties entered into the Agreement on February 12, 2008. Compl. ¶ 4. It alleges that both parties met the terms of the Agreement and its amendments until March 1, 2009, when Chieftain failed to make a required deposit of $285,000. *Id*. ¶¶ 1-11. Harrison Wells alleges that Chieftain again breached its obligations under the Agreement by failing to close the transaction on March 24, 2009. *Id*. ¶ 14. Since then, Harrison Wells alleges, Chieftain has not performed its obligation to release the funds held in escrow. *Id.* ¶¶ 16-18. Harrison Wells claims it performed all of its obligations under the Agreement. *Id*. ¶ 15. One can reasonably infer from Harrison Wells' allegations that it was harmed by Chieftain's failure to close the transaction or release the funds held in escrow. *Id*. ¶¶ 13, 16-18.

Chieftain also argues that a document Harrison Wells attached to its complaint undermines its claim. Chieftain is correct that a "copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes." Fed. R. Civ. P. 10(c). In addition, "when a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998). "Dismissal on the basis of facts in that instrument is proper," however, "only if the plaintiff relies upon it 'to form the basis for a claim or part of a claim.'" *Carroll v. Yates*, 362 F.3d 984, 986 (7th Cir. 2004) *(*quoting *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002)). In *Northern Indiana Gun*, the Seventh Circuit cautioned against "accepting every word in a

4

unilateral writing by a defendant and attached by a plaintiff to a complaint as true, [because] it is necessary to consider why the plaintiff attached the documents, who authored the documents, and the reliability of the documents."  163 F.3d at 455.

When Harrison Wells attached Chieftain's letter to its complaint, it did not adopt Chieftain's claims in the letter.  Rather, Harrison Wells cited the letter to show that Chieftain set a closing date of March 24, 2009 and backed out of the contract, and to support the fraud claim,  Compl. ¶¶ 9, 24; *see* Pl.'s Resp. to Mot. to Dismiss at 3-6.  In its motion to dismiss, Chieftain relies on the claimed truth of what it said in the letter to support its contention that it properly terminated the Agreement.  On a motion to dismiss, however, it is inappropriate to take as true "letters written by the [defendant] for what could be self-serving purposes."  *Northern Indiana Gun*, 163 F.3d at 455.  Chieftain's letter is not a document that by its nature "impl[ies] some level of credibility." *Id.* at 456.  For this reason, the document does not require dismissal of Harrison Wells' breach of contract claim.

**2.    Fraud claim**

Chieftain contends that Harrison Wells has failed to plead its fraud claim with the level of particularity required by Federal Rule of Civil Procedure 9(b).  Chieftain also argues Harrison Wells' allegations made "upon information and belief" are legally insufficient to state a claim for fraud.

A plaintiff claiming fraud must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Bankers Trust Co. v. Old*

*Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) (citations omitted); *see also*, *Uni\*Quality Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) ("[i]n other words, the plaintiff must plead the 'who, what, when, and where' of the alleged fraud.") Harrison Wells' complaint satisfies this test. Harrison Wells alleges that Chieftain committed fraud when it entered in the Agreement with the intent not to carry out his obligation to purchase the property if its value decreased while it was under contract. Compl. ¶¶ 21, 22. Harrison Wells alleges that the fraud took place from the time the Agreement was negotiated and signed until Chieftain failed to close the deal. *Id*. ¶¶ 20-25. Harrison Wells alleges that it was harmed because it took the property off the market believing that it had secured a purchaser that would perform in good faith. *Id*. ¶ 28.

In its complaint, Harrison Wells makes two allegations "upon information and belief." *Id*. ¶¶ 21, 22. The first is an allegation that Chieftain entered into the Agreement with no intention of performing and that its execution of the Agreement thus amounted to an intentional misrepresentation. *Id*. ¶ 21. The second describes Chieftain's scheme to defraud Harrison Wells. *Id*. ¶ 22. Specifically, Harrison Wells alleges that the Agreement was part of a fraudulent scheme that caused Harrison Wells to cease marketing efforts, allowing Chieftain to tie up the property for an indeterminate amount of time while it decided whether to carry out the purchase of the property, depending on how it value fluctuated. *Id*. Chieftain is correct in its assertion that the "duty to plead the circumstances constituting fraud with particularity [cannot] be fulfilled by pleading those circumstances on 'information and belief.'" *Bankers Trust*, 959 F.2d

at 684. There is an exception, however, where "the facts [were] inaccessible to plaintiff, in which event he [has] to plead the grounds for his suspicions." *Id*.; *see also Uni\*Quality*, 974 F.2d at 924 ("[A]llegations made upon information and belief are insufficient, even if the facts are inaccessible to the plaintiff, unless the plaintiff states the grounds for his suspicions.") Harrison Wells' allegations fall within this exception, because the information in question is within Chieftain's possession, and Harrison Wells has identified the evidence that provides the basis in its allegations (specifically, Chieftain's February 27, 2009 letter).

Harrison Wells' fraud claim is a claim of promissory fraud, that is, fraudulent statements concerning future performance. *Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 413 (7th Cir. 2009) (promissory fraud involves "a false statement of intent regarding future conduct rather than present or past facts.") In Illinois, promissory fraud is disfavored and not actionable, unless it is "part of a scheme to defraud." *Id*. (citations omitted)*; see also Desnick v. Am. Broadcasting Cos.*, 44 F.3d 1345, 1354 (7th Cir. 1995) (noting there is "understandable ambivalence . . . about allowing suits to be based on nothing more than an allegation of a fraudulent promise.") The "scheme to defraud" exception applies when the fraud is "one element of a pattern of fraudulent acts," *Speakers of Sport, Inc. v. Proserv, Inc.* 178 F.3d 862, 866 (7th Cir. 1999), and the scheme is intended to induce the promisee to act for the promisor's benefit at the time of the promise. *See Bower v. Jones*, 978 F.2d 1004, 1011-12 (7th Cir. 1992); *see also Ass'n Benefit Servs., Inc. v. Caremark RX, Inc.,* 493 F.3d 841, 847 (7th Cir. 2007) (promissory fraud involves "a false representation of intent to fulfill the

7

promise at the time the promise was made.") If, however, the promisor simply changed its mind, then it may have breached the contract, but it has not committed fraud. *Bower*, 978 F.2d at 1012 (quoting *Price v. Highland Community Bank*, 772 F. Supp. 454, 459-60 (N.D. Ill. 1989) (Posner, J., sitting by designation))

Harrison Wells' complaint is sufficient to avoid dismissal. Harrison Wells alleges that Chieftain entered into the Agreement promising to perform in good faith, Compl. ¶¶ 20, 27; when the parties signed the agreement, Chieftain intended to renege if the value of the property dropped, *id*. ¶ 22; and Harrison Wells justifiably relied on the Agreement by ceasing all efforts to sell the property. *Id*. The allegations are sufficient to support a claim for promissory fraud.[1]

### Conclusion

For the foregoing reasons, the Court denies defendant's motion to dismiss [docket no. 17] and directs defendant to answer the complaint by no later than October 1, 2009.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 16, 2009

---

[1] In its motion to dismiss, Chieftain contends that Harrison Wells' claim for damages exceeds the limitations imposed by the Agreement. Def.'s Mem. at 8,12. The Court need not address this issue at this time, other than note that if the Agreement is determined to be part of a scheme to defraud, its restrictions on damages may not apply.